CHIEF JUSTICE LINDSAY
delivered the opinion oe the court.
The indictmeiit charges that the appellee “unlawfully did vend and sell to one Jake Cave, for a certain sum of money, to wit, for the sum of twenty-five cents, a certain ticket purporting to be in the Kentucky State Lottery, for the benefit of the schools of Frankfort, numbered 1,738, called extra class number 679, with certain combination numbers thereon, to wit, numbers 6, 8, and 62, which said ticket purported to entitle *347 the holder thereof to one quarter of such prize as might be-drawn to its numbers,” and which ticket “ purported that the drawing of said lottery would take place at Covington, Ky., on Wednesday, Oct. 4, 1876.”
A demurrer was sustained to this indictment, and the prosecution dismissed; and the Commonweath seeks to have the judgment of the circuit court reversed.
The statute provides that “whoever shall write, print, vend, or have in possession, with intent, for himself or another, to sell, or offer to sell, negotiate, exchange, or dispose of any ticket, share of a ticket, or any writing, certificate, token, or device, purporting or intended to entitle the holder, bearer, or any other person to any prize or share of, or interest in any prize, to be drawn in any lottery, in or out of this state, shall be fined for every such offense from $100 to $1,000.”
The ground of demurrer is, that the indictment set's out no offense, because the courts know judicially that there is a legal lottery, known as the Kentucky State Lottery, for the benefit of the schools of Frankfort.
This ground rests on the assumption that the courts take notice, not only of matters of law, but also of matters of fact, which exist, if at all, wholly in pais. Notice may be taken' of the legislation conferring on certain persons or corporations lottery privileges for the benefit of the schools of Frankfort; and if those, privileges were to continue in existence until formally revoked, notice might be taken of the fact, that there had been no legislative revocation. But the acts of Feb. 1, 1838, Feb. 16, 1839, and Feb. 23, 1854, on which appellee relies to show the existence of the privilege in question, each in terms, or by necessary implication, provides that the grant shall cease and determine so soon as there is raised by lottery the sum of $100,000.
Whether that sum has been raised, and therefore whether the lottery privileges are still in existence, are facts to be ascer- , *348 tained by investigation, and they can not be presumed to be within the knowledge of the courts.
Nor is it incumbent on the Commonwealth to aver and prove that the grant has been exhausted. The words of the statute prohibiting the sale or vending of lottery tickets are general, and include all tickets and all lotteries. If there are exceptions or provisos, they are not contained in, or embraced by, the statute itself. If legal lotteries are excepted out of the operations of the general law, the exceptions are to be found in the acts containing the grants or privileges. These exceptions fall within the rule, that “ when a statute contains provisos and exceptions, in distinct clauses, it is not necessary to state, in the indictment, that the defendant does not come within the exceptions, or to negative the provisos it contains. . . . For all these are matters of defense which the prosecutor need not anticipate, but which are more properly to come from the prisoner.” (1 Chitty’s Crim. Law, 283, b. 284; Commonwealth v. Young, 7 B. Monroe, 1; Commonwealth v. Powell, 2 Met. 10.)
It is, therefore, sufficient that the indictment shall state that the accused did vend a lottery-ticket, purporting to entitle the holder to a prize, share, or interest in a prize, to be drawn in a named lottery, giving, as is done in this case, a general description of the ticket, and averring that the sale or vending was unlawful. No greater strictness in pleading is required in indictments for statutory offenses, either by the rules of the common law or the provisions of our Criminal Code of Practice.
If the Commonwealth can prove the offense as charged, then to escape conviction the burden will be on the appellee to show that the ticket sold by him was issued under the authority of the lottery grant for the benefit of the schools of Frankfort, and that said grant had not, at the time of the commission of the otherwise inhibited act, been exhausted *349 according to its own terms and limitations. (Commonwealth v. City of Frankfort and Simmons, Dickinson &c., 13 Bush, 185.)
Judgment reversed, and cause remanded with instructions ' to overrule the demurrer to the indictment, and for further proceedings consistent with this opinion.