### Commonwealth v. Abbott.

(Decided April 11, 1912.)

### Appeal from Grant Circuit Court.

Local Option—Giving Whiskey to Neighbor for Sickness Not Unlawful.—The local option act does not make unlawful the giving of whiskey by one person to another in local option territory; and where a neighbor as a kindness lets another neighbor have some whiskey for a sick child, the law is not violated, although the whiskey is in fact returned subsequently, there being no agreement, expressed or implied, that it should be returned.

JAMES GARNETT and M. M. LOGAN for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

A. L. Abbott was indicted in the Grant Circuit Court for the offense of loaning spirituous liquors to Steve Beard in that country contrary to the local option statute there in force. On a trial of the case before a jury the court at the conclusion of the evidence for the Commonwealth instructed the jury peremptorily to find the defendant not guilty. The jury having so returned their verdict, and the prosecution having been dismissed, the Commonwealth appeals.

Beard was the only witness introduced on the trial. He testified that in February or March before the finding of the indictment, he got a pint of whiskey from A. L. Abbott, who was a doctor. It was in a bottle. He got it at Abbott's place of business. Abbott went to his dwelling for it. He told Abbott that he wanted the whiskey for a child who had the measles, and that he did not want his whiskey for nothing. He took the whiskey

home. Some time afterward Abbott passed his house and he got a bottle of whiskey and gave it to Abbott. Abbott did not ask him to return it. He felt like he did not want his whiskey for nothing. There was some little of the whiskey he had got from the defendant in the bottle and he refilled it. He gave back to Abbott about as much whiskey as he got from him. This was all the testimony.

By section 2557, Kentucky Statutes, which it a part of the local option law, it is provided that "any person who shall sell, barter or loan directly or indirectly any such liquors" in any territory where the act is in force shall be punished. Under the act, to barter or loan the liquor is punishable no less than the selling of it. But the three words "sell, barter or loan," as they are used in the act should each be considered in determining the meaning of the act. What the Legislature had in mind was the traffic in such liquors. If only a sale was forbidden, by bartering and loaning, the evil the act was intended to prevent might be carried on by persons under a guise; but the statute was not designed to punish the giving of spirituous liquors by one person to another. Beard's evidence simply shows that the doctor gave him the whiskey for his sick child. There was no agreement that he was to return it, and evidently from his testimony there was no expectation on the part of the doctor that he should return it. The doctor did not ask its return and Beard was under no obligation to return it or pay for it in any way. The statute was not intended to punish a neighborly kindness like this.

Judgment affirmed.