## Barber v. Commonwealth.

(Decided November 26, 1918.)

## Appeal from Rowan Circuit Court.

1. Intoxicating Liquors—Legislative Power—Carrying Liquor Into Local Option Territory—Statutory Provisions—Validity.—Section 61 of the Constitution, requiring the General Assembly to provide a means "whereby the sense of the people of any county, city, town, district or precinct may be taken, as to whether or not spirituous, vinous or malt liquors may be sold, bartered or loaned therein, or the sale thereof regulated," and section 154 of the Constitution providing that the "General Assembly shall prescribe such laws as may be necessary for the restriction or prohibition of the sale or gift of spirituous, vinous or malt liquors on election days," are a limitation on the police power and the legislature is without authority to prohibit citizens from carrying liquor into local option territory for ther own use.

2. Intoxicating Liquors—Offenses—Carrying Liquor Into Local Option Territory for Personal Use—Statutory Provisions—Validity—

Constitutional Law.—Section 1, chapter 6, page 16, Acts 1918, now subsection 1, section 2569a, Kentucky Statutes, making it unlawful for any person or persons, individual or corporation, public or private carrier, to bring intoxicating liquor into local option territory is unconstitutional, in so far as it applies to one bringing such liquors into such territory for his own use.

CLAY & HOGGE for appellant.

W. C. HAMILTON and CHARLES H. MORRIS, Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Thomas Barber was indicted by the grand jury of Rowan county for the offense of bringing intoxicating liquor into local option territory. On a submission of the law and facts to the court, he was found guilty and his punishment fixed at a fine of $60.00 and twenty days in jail. He appeals.

The indictment is based on section 1, c. 6, p. 16, Acts 1918, now subsection 1, section 2569a, Kentucky Statutes, which is as follows:

"That it shall be unlawful for any person or persons, individual or corporation, public or private carrier, to bring into, transfer to other person, or persons, corporation, carrier or agent, deliver or distribute, in any county, district, precinct, town or city, where the sale of intoxicating liquors has been prohibited, or may be prohibited, whether by special act of the general assembly or by vote of the people under the local option law, any spirituous, vinous, malt or other intoxicating liquor, regardless of the name by which it may be called; and this act shall apply to all packages of such intoxicating liquors, whether broken or unbroken. Each package of such intoxicating liquor so brought, transferred or delivered in such territory shall constitute a separate offense."

It appears from the agreed statement of facts that the local option law was in force in Rowan county, and that the defendant purchased three quarts of whiskey in Lexington and carried them into Rowan county for his personal use.

The only question presented is whether the statute is constitutional in so far as it applies to one bringing intoxicating liquor into local option territory for his own

personal use. A similar question was before this court in the case of Commonwealth v. Campbell, 133 Ky. 50, 117 S. W. 383, 24 L. R. A. (N. S.) 172, 19 Ann. Cas. 159. There the city of Nicholasville, where local option prevailed, enacted an ordinance making it unlawful for any person to deliver or distribute in the town of Nicholasville any intoxicating liquors; provided, however, that any person might bring into the town on his person, and as his personal baggage, and for his own use, such liquors in quantities not exceeding one quart. The ordinance was held unconstitutional on the ground that the police power did not extend to the deprivation of a citizen of his right to have intoxicating liquors in his possession for his own use, and on the further ground that our Constitution deprives the legislature of the power of forbidding citizens to have such liquors in their possession for their own use. In discussing the question the court said:

"When the constitutional convention was in session, it was confronted with the question of how the use of spirituous liquor should be regulated. There were two forces brought strongly to bear upon the convention: First, there were the prohibitionists, who desired to facilitate and advance in every way, the means of banishing liquor from the state; and, on the other hand, there were those who were engaged in the business of manufacturing and selling liquor, who strongly advocated the utmost freedom of the citizen with reference to its use. The convention gave patient and full hearing to both parties to this controversy, and, as a result, formulated a system by which the sale of vinous, spirituous or malt liquors throughout the state was to be regulated by general laws. By subsection 27 of section 59 of the Constitution it is provided that the general assembly shall not pass local or special acts to provide a means of taking the sense of the people of any city, town, district, precinct or county, whether they wish to authorize, regulate or prohibit therein the sale of vinous, spirituous or malt liquors, or alter the liquor laws. And by section 61 it is provided that the general assembly shall 'by general law, provide a means whereby the sense of the people of any county, city, town, district or precinct may be taken, as to whether or not spirituous, vinous or malt liquors shall be sold, bartered or loaned therein, or the

sale thereof regulated. But nothing herein shall be construed to interfere with or to repeal any law in force relating to the sale or gift of such liquors. All elections on this question may be held on a day other than the regular election days.'

"Section 154 is as follows: 'The general assembly shall prescribe such laws as may be necessary for the restriction or prohibition of the sale or gift of spirituous, vinous or malt liquors on election days.' It will thus be seen that the Constitution prescribes fully the power of the legislature with reference to the regulation of liquor. The general assembly is given ample power by general laws to submit to the people the question of whether or not any given district shall have prohibition, and by section 154 they are authorized to prohibit either the sale or gift of liquor on election days.

"Now, can it be contended, with any show of reason, that the framers of the Constitution intended to leave the question of the retailing of liquor in a given district to a vote of the majority of the qualified voters in the district, and yet leave it in the power of the legislature upon its own motion to prohibit the possession of liquor by the citizen? Before the present Constitution, it was competent for the legislature to prohibit the sale of liquor by retail in any county, town or district, without any vote being taken by the citizens, or without giving them any voice in the matter; but no one doubts that, under the present Constitution, it is not competent for the legislature, without a vote of the citizens, to declare the retailing of liquor in any part of the state unlawful. How vain it would be, then, for the framers of the Constitution to thus take from the legislature the power to regulate the retailing of liquor, and place that question within the competency of the qualified voters, and yet leave within the competency of the legislature the greater power of prohibiting the citizen either from possessing liquor or using it for his own benefit or comfort. It is self-evident that, if the legislature may pass a general law prohibiting any citizen from possessing or using liquor in any quantity, this would in itself be the most perfect prohibition law possible, because no man could retail liquor without first having possession of it. We cannot believe that the framers of the Constitution intended to thus carefully take from the legislature the power to

regulate the sale of liquor, and at the same time leave with that department of the state government the greater power of prohibiting the possession or ownership of liquor. The fact that the Constitution, by section 154, leaves with the general assembly the power of restricting or prohibiting the sale or gift of liquor on election days clearly shows that the convention had it in mind that but for this special power the legislature could not even regulate the sale of liquor on election days. The history of our state from its beginning shows that there was never even the claim of a right on the part of the legislature to interfere with the citizen using liquor for his own comfort, provided that in so doing he committed no offense against public decency by being intoxicated; and we are of opinion that it never has been within the competency of the legislature to so restrict the liberty of the citizen, and certainly not since the adoption of the present Constitution.''

In the more recent case of Commonwealth v. Smith, 163 Ky. 227, 173 S. W. 340, L. R. A. 1915d, 172, a statute prohibiting the keeping of intoxicating liquors at places other than private residences was held unconstitutional in so far as it applied to liquors not intended for sale. In discussing the question the court said:

''The power of a state to regulate and control the conduct of a private individual is confined to those cases where his conduct injuriously affects others. With his faults or weaknesses, which he keeps to himself, and which do not operate to the detriment of others, the state as such has no concern. In other words, the police power may be called into play when it is reasonably necessary to protect the public health or public morals or public safety. The mere fact that the legislature sees fit to enact a statute ostensibly for the purpose of promoting such ends is not conclusive of the question. When, therefore, the statute purporting to have been enacted to protect the public health or public morals or public safety has no real or substantial relation to those objects, or is a palpable invasion of rights secured by the fundamental law, it is the duty of the court so to adjudge, and thereby give effect to the Constitution. State v. Williams, 31 L. ed. 205, 8 Sup. Ct. Rep. 273. We have in force a statute prohibiting the possession of intoxicating liquor in prohibited territory for the purpose of

sale. Under this statute very slight evidence is sufficient to secure a conviction. Where, therefore, the purpose of the owner is unlawful, the above statute is effective. Here it is sought to go one step further, and make the possession for an innocent purpose considered from the standpoint of the police power as much of an offense as if the possession were for an unlawful purpose. Manifestly, if the legislature has the power to prohibit such possession at places other than one's private residence, then it has the like power to prohibit such possession even at a private residence, and this is exactly what was held in Commonwealth v. Campbell, *supra*, could not be done. There must of necessity be limits beyond which the legislature cannot rightfully go. We think that limit is reached when it prohibits such possession for sale or other unlawful purpose. It cannot go further and prohibit such possession, or limit the place of possession, where the liquors are intended for one's own use, and therefore for a purpose with which the police power of the state is not concerned. It will not do to say that, because some persons may evade the law as it now exists, others who have no intention of violating the law should be denied their constitutional rights. As this is the effect of section 4 of the act in question, we concur in the ruling of the circuit judge that the section is unconstitutional and void.''

It will be observed that these cases proceed upon the theory that the provisions of our Constitution, granting to the legislature specific powers respecting intoxicating liquors, are exclusive and constitute a limitation on the police power of that body. Manifestly, if the legislature had the power in question, it would follow as a necessary consequence that it could pass such laws as would result in state-wide prohibition, without the necessity of a constitutional amendment. That the legislature does not possess this power is not only clear and certain, but is practically conceded by state-wide prohibitionists, who have spent a number of years in an earnest effort to have submitted to a vote of the people an amendment to the Constitution, providing for state-wide prohibition. Indeed, the only ground on which the act in question is sought to be upheld, in so far as it applies to intoxicating liquor intended for personal use, is that persons may carry liquor into local option terri-

tory ostensibly for their own use, but for the real purpose of selling it to others. In our opinion, however, the legislature cannot exercise a forbidden power merely to aid in the enforcement of a law which it has the power to enact. Thus in the case of Tolliver v. Blizzard, 143 Ky. 773, 137 S. W. 509, 34 L. R. A. (N. S.) 890, it was held that the police power did not extend to the prohibition of the sale of harmless soft drinks, even though under the guise of selling such drinks some persons might attempt to sell those which were intoxicating. We may further add that a long experience in reviewing cases of violations of the local option law convinces us that our juries may generally be relied on to distinguish between the bootlegger and the person who brings intoxicating liquor into local option territory for his own use.

The foregoing opinions, it seems to us, are conclusive of the question under consideration, and since our Constitution has not been amended or changed since the opinions were delivered, we see no reason to change our view. While the courts of a few other states have announced a contrary doctrine, Re Crane, 27 Idaho, 671, 151 Pac. 1006; State v. Brown, 167 N. W. 400 (S. D.), it does not appear that their police power is limited by constitutional provisions similar to ours.

It follows that the trial court should have acquitted the defendant.

Judgment reversed and cause remanded, with directions to dismiss the indictment.

Whole court sitting.