## Commonwealth v. Wells.

(Decided October 27, 1922.)

### Appeal from Shelby Circuit Court.

1. Intoxicating Liquors—Giving Liquor to Another.—The giving by one person to another of a fourth of a pint of intoxicating liquor is within the inhibition of the prohibition act of March 23, 1920, chapter 81, Acts of 1920, which provides that it shall be unlawful to manufacture, sell, barter, give away or keep for sale or transport spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky.

2. Intoxicating Liquors—Prohibition of Use—Discretion of Legislature.—The seventh amendment to the Constitution of Kentucky, prohibiting the manufacture, sale or transportation of spirituous, vinous, malt or other intoxicating liquors, except for sacramental, medicinal, scientific or mechancal purposes in the Commonwealth of Kentucky, does not restrict the power of the legislature, in deal-

ing with the subject of intoxicating liquors, to the enactment of such laws only as enforce the constitutional provision, but leaves to the legislature a reasonable discretion in the selection of the method and means of prohibiting the use of intoxicating liquors for beverage purposes.

3. Intoxicating Liquors—Power of Legislature to Enforce Seventh Amendment.—The provisions of the seventh amendment, that enjoins the legislature to enforce the amendment by appropriate legislation, carries with it the right and power on the part of the legislature, to enact measures that in their nature are an aid to the accomplishment of the object sought to be attained by the amendment.

4. Intoxicating Liquors—Inherent Power of Legislature.—Aside from the authority conferred on the legislature by the seventh amendment, it has the inherent power to legislate on any subject affecting the morals of its citizens, and may enact appropriate legislation restricting and suppressing the sale, manufacture and transportation of intoxicating liquors; and this power, in so far as it does not conflict with the amendment, was not surrendered or abridged in its adoption.

5. Intoxicating Liquors—Effect of Seventh Amendment.—The adoption of the seventh amendment to the Constitution of Kentucky repealed the public policy of the state theretofore in existence, and set up a new public policy, having for its purpose the restriction of the use of intoxicating liquors for beverage purposes.

6. Intoxicating Liquors—Giving Liquor to Another—Legislative Discretion.—As a logical aid to the prohibition of the manufacture, sale and transportation of intoxicating liquors for beverage purposes, it is competent for the legislature to enact a law prohibiting the giving by one person to another of intoxicating liquor, and such an act is not invalid as an infringement on the personal liberty of the citizen, or as a deprivation of his right to use and dispose of his own property as he chooses.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, H. B. KINSOLVING and C. G. BARRICKMAN, for appellant.

CHARLES H. SANFORD for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing the judgment.

Appellant, Tom Wells, was indicted in the Shelby circuit court for unlawfully giving to Lason Roberts, in January, 1922, one-fourth of a pint of intoxicating liquor, not for medicinal, mechanical, scientific or sacramental purposes. The lower court sustained a demurrer to the indictment, and the Commonwealth, complaining of that decision, has appealed to this court.

The indictment was returned under an act of March 23, 1920, chapter 81, Acts of 1920, section 1 of which reads: "That it shall be unlawful to manufacture, sell, barter, give away, or keep for sale, or transport, spirituous, vinous, malt or intoxicating liquors except for sacramental, medicinal, scientific or mechanical purposes in the Commonwealth of Kentucky." The grounds on which the trial court sustained the demurrer are not shown in the record, and we have not been favored by a brief for the accused, but it is said by counsel for the Commonwealth that the basis of the ruling was that the indictment did not charge a public offense, or, in other words, that it is not unlawful for a person to give away intoxicating liquor. This ground of demurrer raises two questions: First, does the charge in the indictment come within the inhibition of the statute; and, second, if it does, is it competent for the state to prohibit one of its citizens from giving intoxicating liquor, in any quantity, to another, not for medicinal, mechanical, scientific or sacramental purposes, or not under the conditions set out in section 8 of the Act?

The first question, of course, depends on the language of the Act, which not only prohibits the selling, bartering, keeping for sale and transporting of spirituous, vinous, malt or intoxicating liquors, except for certain purposes therein mentioned, but also prohibits the giving away of such liquors. The inhibition against the giving of liquor is as direct and clear as it is against the selling, bartering, or doing of any of the other things denounced, and unless the act charged to Wells is excepted from the general provisions of the law, an offense within the terms of the statute has been committed. The only allowable exceptions to the language of the Act quoted are contained in section 1, referred to, and section 8, which latter section provides that, "Nothing in this act shall be construed so as to make it unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquors need not be reported, provided such liquors are for the use only for the personal consumption of the owner thereof and his family residing in such dwelling, and for his *bona fide* guests when entertained by him therein;" but it is further provided that in any action concerning such liquor, the burden of proof shall be on the possessor to prove that it was lawfully acquired, possessed and used.

Neither of these exceptions is applicable to the charge in the indictment, the averments of which are clearly within the inhibition of the statute, and show that an offense was committed if it is competent for the legislature to make the gift of liquor, under such circumstances as are shown here, an offense.     And this brings us to the second question stated.

In connection with that question, the effective scope of the Seventh Amendment to the Constitution of Kentucky, ratified in 1919, as it affects the power of the state to legislate on the subject of intoxicating liquors, is to be considered; and, as pertinent to the subject, it must be determined whether the amendment not only prohibits the manufacture, sale or transportation of intoxicating liquors for beverage purposes, but also restricts the power of the legislature, in dealing with the subject, to the enactment of such laws only as enforce the constitutional provision, and, in consequence, renders the legislature powerless to enact any law prohibiting the giving away of liquors.     The amendment prohibits the manufacture, sale or transportation of spirituous, vinous, malt or other intoxicating liquors, except for sacramental, medicinal, scientific or mechanical purposes, in the Commonwealth of Kentucky; and it expressly repeals and nullifies all other parts of the Constitution inconsistent with its terms.     It will be noted that the inhibitions of the provision relate specifically to the manufacture, sale and transportation of liquor, but it will also be observed that there are no restrictions on the power of the legislature, or the methods to be used by it in effectuating the purposes of the provision.     Indeed, the legislature is enjoined to enforce the provision by ''appropriate legislation,'' and this injunction clearly implies the right to exercise a reasonable discretion in legislating on the subject.     Even if it be assumed that the power of the legislature to deal with this subject is derived solely from the amendment, we could not adopt the view that an inhibition against the giving away of liquor is not within the power conferred, since the constitutional mandate, under every fair rule of construction, must be deemed to carry with it the power of enacting measures that in their nature are an aid to the accomplishment of the objects sought to be attained by the amendment; and, consequently, in the exercise of that power, the legislature, as an aid to the enforcement of the amendment, could prohibit the giving away of liquor.

But, aside from the authority conferred by the amendment, it is well settled that the state, independent of any constitutional authority on the subject, has the inherent power to legislate on any subject affecting the morals of its citizens, and it has been held with unanimity throughout the entire country, that, under their police power, the several states may enact appropriate legislation restricting and suppressing the sale, manufacture and transportation of intoxicating liquors. This power, inherent in the state, is not surrendered or abridged by the mere adoption of a constitutional provision relating to the subject, unless the terms of the provision plainly express or imply a limitation or restriction on the power. Youman v. Commonwealth, 193 Ky. 536; Kansas v. Weiss, 36 L. R. A. (N. S.) 73. And that is manifestly not true of this amendment.

We come next to a consideration of the validity of the Act in the light of its relation to what is termed the personal liberty of the citizen, and his right to use and dispose of his own property according to his own wishes and desires. The right of one person to give liquor to another was considered by this court in Commonwealth v. Dickerson, 25 Ky. Law Rep. 1043, and Commonwealth v. Abbott, 147 Ky. 686. In both of those cases the offense alleged was the giving away of a drink of whiskey, and it was held in each case that such an act did not constitute an offense under the statutes then in effect. But in neither case was the power of the state to make the giving of liquor an offense drawn in question or decided. In the later cases of Commonwealth v. Campbell, 133 Ky. 50, and Commonwealth v. Smith, 163 Ky. 227, where the defendants were accused of unlawfully-having liquor in their possession for their own private use, it was held that the constitutional provisions then in effect—now annulled by the amendment of 1919—did not intend to give to the legislature the power on its own motion to prohibit the citizen either from possessing liquor or from using it for his own benefit, and it was decided that, to the extent that the legislature had sought to establish that rule of conduct, its action was invalid. Those decisions, however, as we pointed out in Lakes v. Goodloe, 195 Ky. 241, were expressions of the public policy of the state, as announced in the constitutional provisions then in effect, it being the policy of the state at that time not to place any restriction on intoxicating liquors except

such as had necessary relation to their illegal sale, barter or loan. In considering the prohibition act of March 22, 1922, which contains similar provisions to the one under which this indictment was returned, we held, in the Lakes case, *supra*, that the Seventh Amendment to the Constitution repealed the public policy of the state in existence when the Campbell and Smith cases were decided, and set up a new policy, having for its real purpose the restriction of the use of intoxicating liquors for beverage purposes. It was pointed out in that opinion that the amendment was consistent with the Eighteenth Amendment of the Constitution of the United States, which prohibits the manufacture, sale or transportation of intoxicating liquors for beverage purposes, and that both amendments enjoin the enforcement of their provisions by appropriate state legislation. It was further held in the Lakes case, that the having of liquor in one's possession, unlawfully acquired, could not be considered in any light other than as a hindrance to the prohibition of the manufacture, sale and transportation of intoxicating liquors for beverage purposes. This decision is conclusive of the question before us, and we may add, by final reference to it, that numerous authorities from other jurisdictions are therein cited in support of the proposition that the legislature, without any constitutional mandate to enact legislation on the subject, has the authority, under its police power, to pass any law having a logical tendency to prevent the use of intoxicating liquors as a beverage. This well-recognized doctrine is not without precedent in Kentucky, for in Powers v. Commonwealth, 90 Ky. 167, this court passed on the validity of a special act of the legislature, prohibiting the giving away of spiritous, vinous or malt liquors, in any quantity whatever, within Rowan county, Kentucky. The Constitution then in existence did not attempt to regulate the subject, but it was held that the act in question was constitutional, although it was contended that to deny a person the right to give liquor to another would deprive him of the use of his property. In overruling that contention, this court said: "If the sale may be forbidden, equally so may the gift of it. The law has the public welfare in view, and one may be as injurious to the public as the other. It has long been the recognized and unquestioned law of this State that one cannot give liquor to a minor. The Legislature may, looking to the public health, or it peace or morals, and in the exercise

of the police power, forbid not only the sale, but the gift, of any article calculated to injure these public interests.''

The language used in the Powers case is in accord with the general rule laid down in Black on Intoxicating Liquors, section 39, where it is said: ''And we may here remark that if the state has power to prohibit the sale of liquor, it has also power to prohibit the *giving* of liquor by one person to another. The evil to be avoided is the communication from one to another of an article which may be injurious to the recipient, or which, by its general use, may demoralize or harm the whole community. It is not attempted to restrain a man's private indulgence in drink. But that is because the law deals not with the isolated individual, but with men in their relations to each other.'' We need not cite many other decisions that could be cited in support of this doctrine. It has been approved by this court in two decisions, as we have seen, and is undoubtedly sustained by the weight of authority. See 15 R. C. L. 350; People v. Bird, 4 Am. Case Law 1062, and note to State v. Fulks, 15 L. R. A. (N. S.) 430.

The statute in question plainly prohibits the giving away of liquor, except for certain specified purposes, within which appellant's case does not fall; and on the authorities cited, among which are two decisions of this court directly applicable, it is our conclusion that the legislature had the power, without infringing on any constitutional right of the citizens of the state, to make the giving of liquor by one person to another an offense. This it did by the act of March 23, 1920. The indictment charged the commission of an offense thereunder, and the demurrer should not have been sustained.

Wherefore, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Whole court sitting.