### Simpson v. Commonwealth.

(Decided October 27, 1922.)

### Appeal from Butler Circuit Court.

1. Intoxicating Liquors—Legislature Has Discretion in Fixing Penalty for Illegal Sale.—The legislature has the power to make the act of one person giving intoxicating liquors to another, a public offense, and to prescribe for its commission such penalty as in the legislative discretion is necessary, if the punishment is not forbidden by the Constitution as cruel or the fine is excessive.

2.  Intoxicating Liquors—Giving Liquor to Another—Burden of Proof.
    —The exception to the general prohibition of giving away intox-
    icating liquors, which makes it not unlawful for one to have such
    liquors, lawfully acquired, in his dwelling house, for his personal
    use and that of his family and bona fide guests, is contained in a
    section of the statute, which is subsequent and separate from the
    one which creates the offense, and it is not necessary to negative
    it in the indictment and the burden is upon the defendant to prove
    that his act falls within the exception.

E. N. MAYHUGH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Affirming.

The appellant was indicted for a violation of section
2554a-1, Kentucky Statutes, which is a section of the
prohibition law of 1920. The indictment accused the ap-
pellant of two offenses, the unlawful selling and unlawful
giving away of spirituous liquors, for purposes other
than sacramental, medicinal, scientific or mechanical,
but, no objection was made to the indictment by demur-
rer or otherwise. A plea of not guilty was entered, and
a trial by jury was waived, and the action was submitted
to the court for judgment upon the law and facts. The
Commonwealth's attorney and the appellant entered into
a writing, by which it was agreed, that the following,
were the facts upon which the indictment rested: At a
time, which was within twelve months before the finding
of the indictment and in appellant's "store," he gave to
one R. T. Main a drink of whiskey. Upon these facts,
which the parties agreed to be true, the court found the
appellant guilty, fixed his penalty at a fine of $100.00,
and a term of thirty days' imprisonment in the county
jail, and rendered judgment accordingly. The motion
for a new trial being overruled, the appellant seeks a re-
versal of the judgment upon the ground, as best we can
understand, that the acts proven do not constitute a pub-
lic offense. This contention involves in the first place
the power of the legislature to make the giving of spirit-
uous liquors by one person to another, not for a sacra-
mental, medicinal, scientific or mechanical purpose, an
unlawful act. The General Assembly, by the act of
1920, *supra,* enacted, that "It shall be unlawful to manu-
facture, sell, barter, give away, or keep for sale or

transport spirituous, vinous, malt or intoxicating liquors, except for sacramental, medicinal, scientific of mechanical purposes in the Commonwealth of Kentucky.'' To the act of giving away intoxicating liquors, a penalty is attached, as well as to manufacturing, selling or keeping for sale or transporting such liquors. If the legislature has the power to make the giving away by one person to another of spirituous liquors, an offense it has done so, by the above enactment. The contention that it has not such power was fully discussed in Wells v. Commonwealth, this day decided, wherein it was held that the legislature was invested with such power and it is unnecessary to further consider it here. It is insisted, however, that admitting that the legislature did not exceed its powers in making the giving by one person to another of spirituous liquors a public offense, that the evidence contained in the statement of facts, did not prove the offense denounced by the statute. This contention is based upon the idea, that inasmuch as by one section of the act, which is now section 2554a-8, Kentucky Statutes, it is made lawful for one to have spirituous liquors in his dwelling house, for his personal use and that of his family and *bona fide* guests, that it was not proven, that appellant gave the liquor to Main at a place, other than in his dwelling house, or that Main was other than a *bona fide* guest. The agreed statement proves that the liquor was given to Main in the "store" of appellant, which is the term usually employed to designate a house used for the sale of goods, wares and merchandise, and was presumably administered to a customer or casual visitor. The right to have liquor in one's dwelling house, lawfully acquired, and to give it to a *bona fide* guest, is an exception to the prohibition in the section of the statute which creates the offense of giving away spirituous liquors, but, this exception is contained in a section of the statute, which is subsequent to and separate from the one creating the offense and it is not necessary to negative it in the indictment, and the burden is upon a defendant who asserts that his act, which would otherwise be unlawful, falls within the exception, to sustain it by evidence. Commonwealth v. McClanahan, 2 Met. 8; Commonwealth v. Bierman, 13 Bush 345; Commonwealth v. Slaughter, 12 K. L. R. 893; Commonwealth v. Smithers, 8 K. L. R. 612; Commonwealth v. Benge, 13 K. L. R. 591.

It was held in Smith v. Commonwealth, 196 Ky. 188 that when a sale of intoxicating liquor, apparently unlawful, was proven, the burden was upon the defendant to prove that it was sold for one of the purposes, which are excepted from the prohibition of the statute, although those exceptions are contained in the section, which creates the offense. The penalty for the act is doubtless somewhat drastic, but, it is within the power of the General Assembly, to make the act an offense, and to prescribe such penalty for it, as in the legislative discretion is necessary, and the power of the legislature to prescribe penalties is not limited except by the section of the Constitution, which forbids cruel punishments and excessive fines. Section 17, Constitution.

The judgment is therefore affirmed.