## Mohundro v. Commonwealth.

(Decided January 12, 1923.)

### Appeal from Calloway Circuit Court.

1. Criminal Law—Continuance—Absent Witnesses—Affidavits.—The court did not err in refusing a continuance for absent witnesses when it permitted the affidavit to be read as their depositions, and especially so, when defendant declined to take advantage of the testimony and did not read or offer to read the affidavit on trial; even if we should consider the affidavit sufficient, which is doubtful, since it did not state when the subpoena was obtained for the witnesses, nor that it had been executed.

2.  Intoxicating Liquors—Transporting Liquor.—Evidence examined, as set out in the opinion, and held sufficient to take the case to the jury on the issue of defendant's guilt of transporting liquor contrary to the statute.

3.  Intoxicating Liquors—Transporting Liquor.—Under the amendment to the Constitution forbidding the manufacture, sale, etc., of intoxicating liquors for beverage purposes, which is now section 226a of the Constitution, it was competent for the legislature to make it an offense for one to transport liquor for other than sacramental, medicinal, scientific or mechanical purposes, and it did so by chapter 33, Acts 1922.

WEAKS & PHILLIPS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Pack Mohundro, was tried in the quarterly court of Calloway county under a warrant issued by it in which he was accused of unlawfully transporting spirituous, vinous, malt and intoxicating liquors, not for sacramental, medicinal, scientific or mechanical purposes, contrary to the provisions of section 1 of chapter 33, Acts 1922, commonly known as the "Rash-Gullion Act." He appealed to the Calloway circuit court in which he was also convicted. His motion for a new trial was overruled and he has appealed, and contends by his counsel (1), that the court erred in overruling his motion for a continuance, (2), that the evidence was not sufficient to sustain the verdict and his motion for a peremptory instruction of acquittal should have been given, and (3), that the act under which he was tried is unconstitutional.

1.  It is extremely doubtful if the affidavit filed for a continuance upon the ground of the absence of two witnesses, Guy Downs and Joe Crouse, was sufficient, since it stated that he caused a subpoena to issue for them and placed it in the hands of the sheriff to execute "on the — day of —, 1922;" and it does not appear from any part of the record the day on which that was done, and so far as we are informed it may have been done on the day the case was set for trial, the subpoena itself not appearing in the record. Neither is it shown that the subpoena was executed by the sheriff, the affidavit saying only that defendant was *informed* that it had been executed. It does appear from the record that

the witness, Downs, lived but a short distance east of Murray, the county seat of the county. The court required the Commonwealth to admit the testimony of the absent witnesses as their depositions but it was not read on the trial. Accepting the affidavit as sufficient, we are quite thoroughly convinced that the court did not abuse a sound discretion in overruling the motion upon condition that the affidavit might be read as the depositions of the witnesses, and we are also convinced that their testimony was regarded as of little importance (as was true) from the fact that the affidavit was not read on the trial. Under the circumstances this ground must be denied.

2. The testimony on the part of the Commonwealth given by three officers and some other witnesses was, in substance, that on the late afternoon of the fourth Monday in July, 1922, the officers, who were in an automobile, met defendant and two colored men in a single seated Ford roadster on the public road running east from Murray and at a distance of some two or three miles therefrom. Defendant and the two colored men had just started down a hill when the officers met them and the latter tried to stop him but he passed them waiving his hand and the officers went beyond the top of the hill, at which point there is a curve in the road, and to a place where they could turn around, which they did, and started towards town in the direction in which defendant was traveling. Before they overtook him they met a witness traveling in a buggy who had seen some of the occupants of the vehicle in which defendant was traveling throwing something out of it, but he was not near enough to see exactly what it was, but stated it looked like bottles or pieces of ice, and that as he passed the place where the articles were thrown out he smelt whiskey and saw some broken bottles. The officers discovered some of the broken bottles and found some that were unbroken and they contained moonshine whiskey. When the officers, on their return, came in sight of defendant's machine the colored men were out of it and they sought flight, one of them being captured, the other making his escape, the defendant himself being out of his machine and talking to some one. Two young ladies, who lived near the place, were on their way to or had reached their father's barn lot where they had gone to milk the cows, and they testified to seeing some of the occupants of defendant's vehicle, or of an automobile in which there was a white man and two colored men riding, throwing out bottles or jars

as they drove down the hill, and which was, of course, after they had passed the officers. This was, in substance, the testimony of the Commonwealth and we think it amply sufficient to authorize a submission to the jury of the issue as to the defendant's guilt or innocence of the transportation of which he was accused.

It developed in defendant's testimony that one of the colored men actually threw out the bottles and that each of them was riding in defendant's machine at their request and were total strangers to him. He testified that he left Murray to go to the residence of Mr. Downs on a business mission and when on the edge of town the two colored men requested him to let them ride in his machine, although it had but one seat, and he generously agreed to do so, they telling him at the time that they were going out in that direction, but it does not appear to what place. He said one of them put a bundle of some kind in the back of his machine and that before he reached the Downs' residence he learned that the latter was in town and he turned around with his companions and started back, and that he never saw any whiskey nor did he know when the man who was occupying a seat with him threw any of it out, although the captured colored man testified that the other one did so. Under the proven facts, as thus briefly stated, this contention can not be sustained.

3. The final contention, that the act under which defendant was prosecuted is unconstitutional, is an effort to appropriate water which has passed the mill, since this court in the case of Lakes v. Goodloe, Judge, 195 Ky. 240, held the act constitutional in so far as the conduct here involved was concerned; and in the case of Commonwealth v. Wells, 196 Ky. 262, we held that under the prohibition amendment to our Constitution, which is now section 226a of that instrument, it is now competent for the legislature to even prohibit and punish the giving of intoxicants to another for beverage purposes, and of course the same police power which the amendment created would authorize the prohibiting of the transportation of liquor for such purposes, which, indeed, the amendment itself expressly does. In the latter opinion the cases of Commonwealth v. Dickerson, 25 Ky. L. R. 1043, and Commonwealth v. Campbell, 133 Ky. 50, relied on by counsel, and others referred to therein, are shown not to be applicable, since our Constitution as well as the Federal Constitution has been changed since those opinions were rendered and the principles therein applied

may no longer be relied on in matters relating to the liquor traffic, including its manufacture, sale, possession, transportation, etc. We do not deem it necessary to rehearse the discussion of the questions made in those opinions which may be readily found by a reference to them.

Finding no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.