## McDaniel v. Commonwealth.

(Decided March 20, 1923.)

## Appeal from Clay Circuit Court.

1. Intoxicating Liquors—Statute Prohibiting Gift is Valid.—Ky. Stats., imposing a penalty for giving spirituous liquors to another not for medicinal, sacramental, mechanical, or scientific purposes, is valid.

2. Intoxicating Liquors—Possession by Officer for Evidence Does not Validate Gift by Him.—The fact that the possession of intoxicating liquor by an officer was lawful, because it was in his custody for use as evidence, does not make a gift of the liquor by him lawful, since Ky. Stats., section 2554a-32, authorizing a disposition by order of the court, provides the only way in which such liquor could be disposed of.

3. Intoxicating Liquors—Gift Held not Permissible as Use for Bona Fide Guest.—A gift by a deputy sheriff of a drink of intoxicating liquor to one whom he met while he was transporting the liquor, after seizing it for use as evidence, was not lawful under Ky. Stats., section 2554a-8, permitting a person to have such liquor in his residence for the use of himself and bona fide guests when lawfully obtained.

4. Intoxicating Liquors—Liquor Cannot Be Given to Person Having a Cold.—The fact that a person has a cold does not give a deputy sheriff the right to give him a drink of intoxicating liquor, which was in the officer's custody for use as evidence.

ROY W. HOUSE for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

T. C. McDaniel appeals from a judgment of the Clay circuit court in which he was convicted for a violation of the liquor laws of this Commonwealth.

For reversal he urges (a) that the law prohibiting a gift of spirituous liquor is invalid, (b) that under the circumstances of this case a gift of such liquor is not unlawful.

Appellant is deputy sheriff of Clay county, and in a raid on an illicit still he confiscated some moonshine liquor and carried it back with him, presumably to be used as evidence against the offender. While returning he was joined by the prosecuting witness. It was a cold,

drizzly afternoon, and appellant asked the witness if he would like to have a dram, and upon his assenting thereto, handed him a bottle of liquor and witness took a drink.

In Com. v. Wells, 196 Ky. 262, the validity of section 2554a-1 in providing a penalty for giving spirituous liquors to another not for medicinal, sacramental, mechanical or scientific purposes was upheld, and a conviction has been sustained under the same act for the same offense. Simpson v. Com., 196 Ky. 403.

It is argued that this case is to be distinguished from the others in this, that in the cases cited the posession of the liquor was unlawful, while in this case appellant acquired possession of the liquor in a legal manner, and was transporting it for a lawful purpose, and therefore had a right to give it away if he desired. This is a mistake; his custody of the liquor was for the purpose of preserving it for evidence, and it could not be disposed of in any other way than that provided in section 2554a-32, which authorizes a disposition by order of the court.

The only provision of the statutes permitting such use of liquor is that found in section 2554a-8 to the effect that a person may have such liquors in his residence for the use of himself and *bona fide* guests when lawfully obtained. That is certainly not applicable to the facts in this case. It is intimated that the witness had a cold and that appellant had a right to give him a drink for that purpose. This contention was elaborately discussed in the case of Ricketts v. Com., 197 Ky. 571, and decided adversely to appellant's contention.

Perceiving no error, judgment is affirmed.