## STATE *vs*. FRANK A. KANE.

A constitutional amendment provided, " The manufacture and sale of intoxicating liquors, to be used as a beverage, shall be prohibited. The General Assembly shall provide by law for carrying this article into effect."

*Held*, that this constitutional provision did not limit the power which the General Assembly previously had to enact prohibitory laws.

*Held*, further, that nothing in this constitutional provision gave the right to manufacture and sell intoxicating liquors to be used otherwise than as a beverage.

A statute provided, "No person shall manufacture or sell, or suffer to be manufactured or sold, or keep or suffer to be kept on his premises or possessions or under his charge, for the purpose of sale and delivery," intoxicating liquors " to be used as a beverage." The statute contained a form of complaint which omitted the words " to be used as a beverage," and the words " and delivery," but charged the keeping for sale to be " without lawful authority."

*Held*, it being assumed that " sale " and " sale and delivery " are the same in meaning, that the complaint sufficiently described the offence, and fulfilled the constitutional requirement that the accused should enjoy the right " to be informed of the nature and cause of the accusation."

CONSTITUTIONAL questions certified to the Supreme Court, under Pub. Stat. R. I. cap. 220, §§ 1–9.

*October* 16, 1886. DURFEE, C. J. This is a complaint against the defendant for keeping intoxicating liquors for sale in this State, in violation of Pub. Laws R. I. cap. 596, of May 27, 1886, entitled " An Act for the Suppression of Intemperance." It is certified to this court on certain questions touching the constitutionality of the act.

The defendant contends that the act is repugnant to the fifth amendment of the Constitution of the State, which is as follows, to wit : " The manufacture and sale of intoxicating liquors, to be used as a beverage, shall be prohibited. The General Assembly

shall provide by law for carrying this article into effect." The contention is that the amendment impliedly limits the power of the General Assembly to legislation designed to carry the amendment into effect, and that the act exceeds the power so limited, inasmuch as it prohibits the sale of intoxicating liquors and the keeping of them for sale, not only for use as a beverage, but for other purposes, except as provided in sections 3 and 4.[1] The contention assumes two points, namely, *first*, that the act does prohibit for other purposes as aforesaid; and, *second*, that to that extent it is not legislation designed to carry the amendment into effect. The act, however, does not expressly prohibit for other purposes, as assumed, and we do not see that it does so by implication. But, admitting that it does so, it is not self-evident to us that to that extent it is not designed to carry the amendment into effect. The purpose of the amendment is not simply to prohibit the sale of intoxicating liquors as a beverage, but to prevent it. Any act, therefore, designed to carry the amendment into effect, should be framed with a view of prevention. Now, it seems clear to us that an act which should only prohibit selling or keeping for sale for a beverage, leaving everybody free to sell for all other purposes, would be less effectual for prevention than an act which should confine the right to sell to a few persons, selling under strict regulations, and prohibit everybody else altogether from selling; for, if all persons are permitted to sell for other purposes, we may be sure, from our experience of human nature, that many will use the permission as a blind, and will sell for a beverage under the guise of selling for other purposes, and it will be exceedingly difficult to prove the deception. This consideration has always had its influence in prohibitory legislation. The aim of such legislation has uniformly been to prevent selling for use as a beverage, and not to prevent it for other purposes, and yet, so far as we are informed, prohibitory laws have always been framed so as to allow only a few to sell for other purposes, and to prohibit everybody else from selling at all. For this reason alone, therefore, we might well decide that the act under which the defendant is complained of is not obnoxious to the objection interposed by

---

[1] Printed *infra*, p. 403.

him. We think it is not open .to the objection for still another reason.

The defendant's argument rests upon the legal maxim, *expressio unius est exclusio alterius*, which, literally translated, signifies, the expression of one is the exclusion of the other. The maxim is often applied in construing written instruments, particularly grants, to narrow their scope to what is expressed in them, by the exclusion of what, but for the expression, would be implied. Thus, if a lot, with no access to it save over the grantor's land, be conveyed with the express grant of a particular way, any way which might otherwise be implied will be excluded. This is not the manner in which the defendant seeks to have the maxim applied. His aim is to raise rather than to rebut an implication. Indeed, the amendment is not a grant. The first clause is in effect a prohibition. It prohibits the manufacture and sale of intoxicating liquors for use as a beverage, and the defendant contends that it thereby impliedly licenses their manufacture and sale for other purposes. He seeks to reverse the maxim, and apply it as if it read, the exclusion of one is the expression of another, or, the prohibition of one is the permission of another, instead of " the expression of one is the exclusion of another." Perhaps a prohibition to do a thing for one purpose may imply a permission to do it for other purposes, in some circumstances, but generally such an implication is not warranted by any usage of the language with which we are acquainted. We can see nothing in the first clause of the fifth amendment which warrants such an implication. The second clause is a command to the General Assembly to provide by law for carrying the first clause into effect. Of course, if the General Assembly had previously had no power to legislate on the subject, this command would confer by implication the power required for its own execution. But the General Assembly had power, before the amendment, not only to prohibit the sale of intoxicating liquors as a beverage, but also to restrict and regulate their sale for other purposes. The two powers, if they may be called two, are not inconsistent. Why, then, should an express command to exercise the one be tantamount to an abrogation of the other? We see no reason why it should. This view is not in conflict with the opinion of the judges *In re the*

*Constitutional Convention,* 14 R. I. 649.   There was in that mat-
ter no command to the General Assembly to prohibit the doing of
a thing for a particular purpose, but a command to the General
Assembly to proceed in a particular manner in amending the Con-
stitution, if it proceeded at all.   The distinction is this : That it is
entirely feasible to prohibit the doing of a thing for one purpose,
and at the same time to prohibit or restrict, or to refrain from pro-
hibiting or restricting, the doing of it for other purposes ; whereas
it is impossible to make an amendment to the Constitution in the
manner prescribed, and at the same time to make it in a different
manner.   Our conclusion is that the amendment has no effect be-
yond what is expressed and what may be implied to carry out
what is expressed in it, and consequently that the General As-
sembly still has all the powers, not inconsistent with the amend-
ment so construed, which it previously had.   It follows that the
defendant's first point cannot be sustained ; and also that a point
raised in another case, — to wit, that the act is unconstitutional be-
cause it prohibits the manufacture and sale and keeping for sale of
mixed liquors, even though they contain so small a percentage of
ale, wine, rum, or other strong or malt or intoxicating liquors as
not to be intoxicating, — cannot be sustained.

The next point relates to the form of the complaint.   In con-
nection with it our attention has been drawn to a discrepancy or
want of relation between section 9,[1] which prescribes the punish-
ment for keeping for sale, and section 1,[2] the general prohibitory
clause, under which alone the offence can be held to be created.
Section 1 provides that " No person shall . . . keep or suffer to
be kept on his premises or possessions, or under his charge, for the
purpose of sale *and delivery* within this State, any ale, wine," etc.
Section 9 provides, " If any person shall keep or suffer to be kept
on his premises or possessions, or under his charge, for the purpose
of sale, in violation of any of the provisions of this act, any ale,
wine," etc., " he shall be fined," etc., the words " and delivery "
after the word " sale " being omitted.   The words " and delivery "
do not occur in previous statutes, restrictive or prohibitory, and
we do not understand why they are inserted now.   Their effect,

---

[1] Printed *infra,* p. 405.                    [2] Printed *infra,* p. 403.

if they have any, is that the offence created by section 1 is not simply "keeping for sale," but "keeping for sale and delivery;" and if the latter offence be other or more than the former, then it is an offence for which no punishment is provided, unless section 9 can be construed to cover it, notwithstanding the omission of these words "and delivery." The question as to their effect, however, is not a constitutional question, which is the only kind of question which we can decide in this form of proceeding, but simply a question of statutory construction, to be decided when properly raised. It is pertinent here only as it bears on the form of the complaint; that is, whether the words "and delivery" are necessary in the complaint. It seems to us that, if the words can be dispensed with in section 9, they can also be dispensed with in the complaint. For the present, therefore, we will assume that "keeping for sale" under section 9 can be construed to mean the same as "keeping for sale and delivery," and will treat section 1 as if the words "and delivery" were not in it.

The defendant contends that the complaint against him is bad for uncertainty. The complaint is in the form given in section 15, which declares that the forms of complaint there given shall, if substantially followed, "be sufficient to fully and plainly describe the offences" punishable under sections 8 and 9. The defendant contends that this provision is repugnant to the State Constitution, article 1, section 10, which declares that "in all criminal prosecutions the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." It will be seen that the Constitution does not require any technical nicety of specification. It is satisfied if the accused is informed before trial of the nature and cause of the accusation. Section 15 gives two forms of complaint, one for selling and one for keeping. The complaint here is for keeping, and the question is whether it meets the requirement of the Constitution; for if it does, section 15 is constitutional as it applies to the form for keeping, however it may be as it applies to the form for selling.

Keeping for sale is prohibited whenever the forbidden liquors are kept for sale "to be used as a beverage," and only when they are so kept. The complaint here conforms to the prohibitory language of section 1, except that it omits the words "and delivery,"

of which we now take no account, and the words " to be used as
a beverage." It alleges, however, that the keeping was " without
lawful authority," and " against the statute," which it could not
have been unless the keeping had been for sale as a beverage. It
does, by construction, necessarily, though not technically, charge
the offence. It unmistakably informs the defendant of the nature
and cause of the accusation. We think, therefore, that the com-
plaint, though it would have been technically insufficient, by rea-
son of the omission of the words " to be used as a beverage,"
without the aid of section 15, is sufficient under that section, and
that that section, in so far as it applies to the case at bar, is con-
stitutional.                     *Defendant's objections overruled.*

   *Edwin Metcalf*, Attorney General, for plaintiff.
   *Hugh J. Carroll*, for defendant.