## No. 9550.

### GALLOVICH v. THE PEOPLE.

1. CONSTITUTIONAL LAW—*Legislative Power.* It is clearly within the power of the state to prohibit the manufacture and sale of intoxicating liquors, and to adopt any reasonable regulations necessary to make the prohibition effective.

The possession of intoxicating liquors in public or semi-public places may be prohibited, as an aid to the enforcement of the statute against traffic in such liquors.

The final provisions of sec. I of c. 82 of the Laws of 1917 sustained as within the legislative power.

The provisions of the enactment are sufficiently expressed in the title.

2. MAXIMS—*Expressio Unius Exclusio Alterius*, is not a fixed and unalterable rule, nor is it in high favor, nor of universal application, as a rule of constitutional construction.

*Error to Las Animas District Court, Hon. A. C. McChesney, Judge.*

Mr. JESSE E. NORTHCUTT, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, and Mr. CHARLES ROACH, Deputy, for The People.

Mr. Justice Bailey delivered the opinion of the court.

THE case is here on writ of error to the District Court of Las Animas County. The defendant was convicted of unlawfully keeping intoxicating liquor in the basement of his restaurant and soft drink parlor. It appears that this was his second conviction, and he was accordingly sentenced to imprisonment in the penitentiary at hard labor for not less than one year.

Numerous errors have been assigned, but the one chiefly relied upon is that the section under which the defendant was tried and convicted is unconstitutional and therefore void. That portion of the statute involved, Session Laws of 1917, page 283, is as follows: "It shall be unlawful for any person to have, keep or use intoxicating liquors in any store, shop, club, roadhouse, railroad car, place of private business or place of public resort, or in any room or rooms of any hotel, rooming house or boarding house or in any part or parts of any building directly or indirectly connected with any such place, or in any place except in his home or except while carrying same with the permit herein provided for thereto securely fastened; it shall be unlawful for any person in this state to manufacture intoxicating liquor for any purpose whatsoever."

It is contended that article XXII of the Constitution, relative to intoxicating liquors, is not a grant of power to legislate upon that subject, but is a limitation upon the authority of the legislature to deal with the prohibition of the liquor traffic. Article XXII is as follows: "From and after the first (1st) day of January, 1916, no person association or corporation shall, within this state, manufacture for sale or gift any intoxicating liquors; and no person, association or corporation shall import into this state any intoxicating liquors for sale or gift; and no person, association or corporation shall, within this state, sell

or keep for sale any intoxicating liquors or offer any intoxicating liquors for sale, barter or trade; *Provided, however,* That the handling of intoxicating liquors for medicinal or sacramental purposes may be provided for by statute.

.Sec. 2.   All provisions of the Constitution in conflict herewith are hereby repealed."

In substance it is urged by defendant that the Constitution having prohibited the traffic in intoxicating liquors except for certain specific purposes, the legislature is prohibited from legislating against its possession by private individuals for personal use.   It seems, however, that in so far as the state Constitution is concerned, that such possession, when held in public or semi-public places, may well be prohibited as an aid to the enforcement of the statutes against the traffic itself.

This question was passed upon, in substance and effect, in *Schwartz v. People,* 46 Colo. 239, 104 Pac. 92.   In that case the constitutionality of certain local option laws was questioned, and it was urged that inasmuch as the Constitution directed the legislature to prohibit the introduction and sale of impure and spurious intoxicating liquor into the state, it by necessary implication inhibited any legislation as to traffic in pure liquors.   In other words, the contention there, as here, was that the terms of the Constitution were in the nature of a limitation of power on the subject, and not a grant of power.   In speaking to this question in that case this court said, at page 252: "Although urged from many view points, and presented in various phases, with great ability, research and learning, and involving numerous incidental questions, the contention rests chiefly upon the application of the doctrine, to. the facts of the case at bar, that a general grant of legislative authority in the constitution is limited and qualified by subsequent special affirmative provisions therein relative to a particular subject matter.   This contention is in effect an elaboration of the legal maxim that 'A specification of particulars is an exclusion of generals,' or 'the ex-

pression of one thing is the exclusion of another.' In other words it is said that when the constitution conferred the *special* power and enjoined the *special* duty upon the legislature to prohibit the importation, manufacture and sale of *spurious* and *impure* liquors, but remained silent as to the prohibition, manufacture and sale of *pure* liquors, that such affirmative declaration must be construed as implying the negative as to the legislative power by law to prohibit traffic in the latter kind."

It is this theory of interpretation which the objectors urged in the Schwartz case that the defendant relies upon in this case, when he argues in substance that because the Constitution prohibits the barter and sale of intoxicating liquors the legislature has no power to regulate the possession thereof by individuals for personal use.

In pointing out the fallacy of this contention in the Schwartz case, the court at page 252 declares: "With reference to the rule of interpretation, which forms the groundwork, and is the very gist, of the argument of counsel for plaintiff in error, that 'The expression of the one is the exclusion of the other,' it may be fairly said that it is in no sense a fixed and unalterable rule, to be applied in every case where ingenious counsel may deem it applicable, and may be in need of its helpful agency to attain the end sought; neither is it in high favor as a rule of constitutional construction nor of universal application."

The court then quotes at length from Story on the Constitution, sec. 448, and from *People ex rel. Livesay v. Wright*, 6 Colo. 92, and *Orahood v. Denver*, 41 Colo. 175, 91 Pac. 1116. Again referring to the question as to whether an affirmative section limited the legislative powers, the court continued, at page 270, where *Alexander v. People*, 7 Colo. 155, 2 Pac. 894, is quoted with approval, and said: "So here, read in the light of the foregoing rule of interpretation and fixed policy of both the state and territory from the beginning, to control, regulate, license and absolutely prohibit the sale of *every kind* of intoxicating liquors, when and where deemed necessary, for the

common good, this provision of our Constitution is clearly mandatory, and confined to *impure* liquors only, requiring affirmative action on the part of the legislature to the extent and in the manner specified, and is, in no measure, prohibitory, or a limitation of its powers to legislate upon the subject of *pure* liquors in any manner which it believes wise and beneficial."

It is clearly within the power of the state to prohibit the manufacture and sale of intoxicating liquors. It necessarily follows, therefore, that the state has power to adopt such reasonable laws as may be necessary to make such prohibition effective. *Crane v. Campbell*, 245 U. S. 304, 62 L. Ed. 304, 38 Sup. Ct. 98. It is manifest that the statute in question is a reasonable and appropriate means for such purpose.

It is admitted that the state, in the proper exercise of its police powers, may prohibit the traffic in intoxicating liquors. Any regulation having reasonable relation to that end may also be adopted, in order to make the prohibition effective. The position assumed by defendant that the mandate of the Constitution against manufacturing and trafficking in intoxicating liquors restrains the legislature from going beyond such express powers is untenable in view of the rule laid down in the Schwartz case, *supra*, which rule should be applied to the case at bar.

In *Fitch v. State*, 102 Neb. 361, 167 N. W. 417, the court had under consideration a constitutional amendment similar to the one here involved, and in determining that the statute did not transcend the power of the legislature the court at page 368 said: "The state having adopted a constitutional amendment forbidding the traffic in liquor, it was left to the legislature to devise a plan to successfully put that policy into operation. In forbidding the keeping of intoxicating liquors at any other place than a private dwelling house, the lawmakers were not attempting to make class distinctions, and, inasmuch as no person is forbidden by the law to own or occupy a private dwelling house, it did not do so. We have only to consider whether

this limitation upon the possession of liquor, even when not held for an unlawful purpose, is a reasonable one. It is idle to forbid the traffic in intoxicants and yet fail to provide an adequate method of enforcing the prohibition. It is common knowledge that officers of the law find it difficult to enforce prohibitory measures. If parties are free to keep quantities of intoxicating liquor in rooms, offices and buildings other than private dwelling houses, the work of the police officers is that much more difficult. 'It is also well established that, when a state, exerting its recognized authority undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary, in order to make its action effective. It does not follow that because a transaction separately considered is innocuous it may not be included in a prohibition, the scope of which is regarded as essential in the legislative judgment to accomplish a purpose within the admitted power of the government.' "

It is also contended that the statute upon which the conviction was based is in violation of section 21 of article V, of the Constitution, which provides that no bills except general appropriation bills shall be passed which contain more than one subject, which shall be clearly expressed in the title; and also that it is repugnant to section 24 of the same article, which provides that no law shall be revived, or its provisions conferred, extended or amended, except by publishing at length the portion so affected. . It was determined in *Colorado F. L. & S. Co. v. Beerbohm*, 43 Colo. 464, 96 Pac. 443, that a title to an original act is sufficient if it embraces the matter covered by the provisions of the amendatory act. There can be no question that the sections herein involved come well within the rule. The amendment to section 7 is in no sense such an extension or revival of the original act as to bring it within the purview of section 24 of the Constitution, and these specific objections are therefore without merit.

It is not necessary to consider any of the other assign-

ments of error, as a careful reading of the record discloses nothing which would justify a reversal of the judgment, and it is accordingly affirmed.

*Judgment Affirmed.*

Decision *en banc.*